UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Byron Geovanny Arevalo Fajardo, Carlos
Martell, Jose Gutierrez, Juan Pereyra, Iñigo
Mendoza Ramirez (a/k/a Eduardo Mendoza
Ramirez), Miguel Garrido, Reymundo Chavez
Hernandez (a/k/a Ramon Chavez Hernandez),
Richard Xavier Hernandez, and Sebastian Alfredo
Espinosa Vargas (a/k/a Sebby Espinosa Vargas),
*on behalf of themselves and others similarly
situated in the proposed FLSA Collective Action,*

                                       *Plaintiffs*,

                *- against -*

WB Maintenance & Design Group Inc., W.B. &
Son Construction Corp., Wladimir Briceno, Betty
Briceno, Jeissy Briceno, and Jeimy Briceno,

                               *Defendants*.
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

       Plaintiffs Byron Geovanny Arevalo Fajardo ("Fajardo"), Carlos Martell ("Martell"), Jose Gutierrez ("Gutierrez"), Juan Pereyra ("Pereyra"), Iñigo Mendoza Ramirez (a/k/a Eduardo Mendoza Ramirez) ("Ramirez"), Miguel Garrido ("Garrido") , Reymundo Chavez Hernandez (a/k/a Ramon Chavez Hernandez) ("Chavez Hernandez"), Richard Xavier Hernandez ("Xavier Hernandez"), and Sebastian Alfredo Espinosa Vargas (a/k/a Sebby Espinosa Vargas) ("Vargas", and collectively, the "Plaintiffs") on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants WB Maintenance & Design Group Inc., W.B. & Son Construction Corp., (collectively, the "Corporate Defendants"), Wladimir Briceno, Betty Briceno, Jeissy Briceno, and Jeimy Briceno (collectively, the "Individual Defendants", and with the Corporate Defendants, the "Defendants")

and state as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.      Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unpaid spread-of-hours, unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

## BYRON GEOVANNY AREVALO FAJARDO

6.     Plaintiff Fajardo is a resident of Brooklyn, New York.

7.     Plaintiff Fajardo was employed as a construction worker, painter, plasterer, tile

worker and manual laborer at Defendants' maintenance and construction company from on or around January 2013 through and including December 2015, and from on or around January 2017 through and including December 2018.

8.      Plaintiff Fajardo was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around January 2013 through and including December 2015, and from on or around January 2017 through and including December 2018.

9.      At all relevant times, Plaintiff Fajardo has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF CARLOS MARTELL**

10.     Plaintiff Martell is a resident of Queens, New York.

11.     Plaintiff Martell was employed as a driver, porter, and manual laborer at Defendants' maintenance and construction company from on or around April 2016 through and including January 28, 2020.

12.     Plaintiff Martell was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around April 2016 through and including January 28, 2020.

13.     At all relevant times, Plaintiff Martell has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF JOSE GUITERREZ**

14.     Plaintiff Gutierrez is a resident of Queens, New York.

15.     Plaintiff Gutierrez was employed as a construction worker, painter, door installer, floor installer, porter and manual laborer at Defendants' maintenance and construction company from on or around March 2018 through and including November 2018.

3

16.     Plaintiff Gutierrez was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around March 2018 through and including November 2018.

17.     At all relevant times, Plaintiff Gutierrez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF JUAN PEREYRA**

18.     Plaintiff Pereyra is a resident of Queens, New York.

19.     Plaintiff Pereyra was employed as a driver, porter and manual laborer at Defendants' maintenance and construction company from on or around January 2016 through and including July 2018.

20.     Plaintiff Pereyra was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around January 2016 through and including July 2018.

21.     At all relevant times, Plaintiff Pereyra has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF IÑIGO MENDOZA RAMIREZ (A/K/A EDUARDO MENDOZA RAMIREZ)**

22.     Plaintiff Ramirez is a resident of Queens, New York.

23.     Plaintiff Ramirez was employed as a construction worker, painter, plasterer and manual laborer at Defendants' maintenance and construction company from on or around January 2018 through and including March 2020, and from on or around January 2021 through and including May 2021.

24.     Plaintiff Ramirez was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around January 2018 through and including

March 2020, and from on or around January 2021 through and including May 2021.

25.     At all relevant times, Plaintiff Ramirez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF MIGUEL GARRIDO**

26.     Plaintiff Garrido is a resident of Queens, New York.

27.     Plaintiff Garrido was employed as a driver, porter, and manual laborer at Defendants' maintenance and construction company from on or around May 2017 through and including August 5, 2017.

28.     Plaintiff Garrido was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around May 2017 through and including August 5, 2017.

29.     At all relevant times, Plaintiff Garrido has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIF REYMUNDO CHAVEZ HERNANDEZ (A/K/A RAMON CHAVEZ HERNANDEZ)**

30.     Plaintiff Chavez Hernandez is a resident of Queens, New York.

31.     Plaintiff Chavez Hernandez was employed as a construction worker, electrician, plasterer, cabinet installer, handyman and manual laborer at Defendants' maintenance and construction company from on or around January 2007 through and including September 2018.

32.     Plaintiff Chavez Hernandez was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around January 2007 through and including September 2018.

33.     At all relevant times, Plaintiff Chavez Hernandez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF RICHARD XAVIER HERNANDEZ**

34.     Plaintiff Xavier Hernandez is a resident of Queens, New York.

35.     Plaintiff Xavier Hernandez was employed as a construction worker, porter and manual laborer at Defendants' maintenance and construction company from on or around February 2018 through and including February 2019.

36.     Plaintiff Xavier Hernandez was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around February 2018 through and including February 2019.

37.     At all relevant times, Plaintiff Xavier Hernandez has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF SEBASTIAN ALFREDO ESPINOSA VARGAS (A/K/A SEBBY ESPINOSA VARGAS)**

38.     Plaintiff Vargas is a resident of Queens, New York.

39.     Plaintiff Vargas was employed as a construction worker, painter, plasterer and manual laborer at Defendants' maintenance and construction company from on or around October 2009 through and including October 2019.

40.     Plaintiff Vargas was employed as a non-managerial employee at Defendants' maintenance and construction company from on or around October 2009 through and including October 2019.

41.     At all relevant times, Plaintiff Vargas has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT WB MAINTENANCE & DESIGN GROUP INC.**

42.     Upon information and belief, Defendant WB Maintenance & Design Group Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 11-15 31st Drive, Queens, New York 11106, and alternate business addresses at 18-40 26th Road, Long Island City, NY 11102, and 59-93 Fresh Pond Road, Maspeth, NY 11378.

43.    At all times relevant to this Complaint, Defendant WB Maintenance & Design Group Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

44.    At all times relevant to this Complaint, Defendant WB Maintenance & Design Group Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

45.    At all times relevant to this Complaint, Defendant WB Maintenance & Design Group Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT W.B. & SON CONSTRUCTION CORP.**

46.    Upon information and belief, Defendant W.B. & Son Construction Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 11-15 31st Drive, Queens, New York 11106, and alternate business addresses at 18-40 26th Road, Long Island City, NY 11102, and 59-93 Fresh Pond Road, Maspeth, NY 11378.

47.    At all times relevant to this Complaint, Defendant W.B. & Son Construction Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

48.     At all times relevant to this Complaint, Defendant W.B. & Son Construction Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

49.     At all times relevant to this Complaint, Defendant W.B. & Son Construction Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT WLADIMIR BRICENO**

50.     Defendant Wladimir Briceno is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

51.     Defendant Wladimir Briceno is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

52.     Defendant Wladimir Briceno possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

53.     Defendant Wladimir Briceno determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

54.     At all times relevant to this Complaint, Defendant Wladimir Briceno was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT BETTY BRICENO**

55.     Defendant Betty Briceno is an individual engaging (or who was engaged) in

business within this judicial district during the relevant time period.

56.     Defendant Betty Briceno is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendants.

57.     Defendant Betty Briceno possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

58.     Defendant Betty Briceno determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

59.     At all times relevant to this Complaint, Defendant Betty Briceno was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT JEISSY BRICENO**

60.     Defendant Jeissy Briceno is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

61.     Defendant Jeissy Briceno is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendants.

62.     Defendant Jeissy Briceno possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

63.     Defendant Jeissy Briceno determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

64.     At all times relevant to this Complaint, Defendant Jeissy Briceno was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

employed employees, including Plaintiffs.

**DEFENDANT JEIMY BRICENO**

65.     Defendant Jeimy Briceno is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

66.     Defendant Jeimy Briceno is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendants.

67.     Defendant Jeimy Briceno possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

68.     Defendant Jeimy Briceno determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

69.     At all times relevant to this Complaint, Defendant Jeimy Briceno was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

70.      Defendants own, operate and/or control a maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

71.     The Individual Defendants possess operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

72.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the

employees.

73.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

74.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

75.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

76.      Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.      defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendants for their own benefit as the majority shareholders;

e.      operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

11

f.      intermingling assets and debts of their own with the Corporate Defendants;

g.      diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

77.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

78.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Plaintiff Fajardo*

79.     Plaintiff Fajardo was an employee of Defendants.

80.     Plaintiff Fajardo worked as a construction worker, painter, plasterer, tile worker and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

81.     At Defendants' maintenance and construction company, Plaintiff Fajardo regularly worked in excess of forty (40) hours per week.

82.     From approximately January 2013 through and including December 2015, Plaintiff Fajardo worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

83.     From approximately January 2017 through and including December 2018, Plaintiff Fajardo worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately

ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

84.    Throughout his employment with Defendants, Plaintiff Fajardo was paid his wages in check.

85.    From approximately January 2013 through and including December 2013, Defendants paid Plaintiff Fajardo a fixed salary of $150 per day.

86.    From approximately January 2014 through and including December 2015, Defendants paid Plaintiff Fajardo a fixed salary of $180 per day.

87.    From approximately January 2017 through and including December 2018, Defendants paid Plaintiff Fajardo a fixed salary of $200 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Martell*

88.    Plaintiff Martell was an employee of Defendants.

89.    Plaintiff Martell worked as a driver, porter, and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

90.    At Defendants' maintenance and construction company, Plaintiff Martell regularly worked in excess of forty (40) hours per week.

91.    From approximately April 2016 through and including January 28, 2020, Plaintiff Martell worked five (5) to six (6) days a week: Monday, Wednesday and Friday from 5:45 a.m. to 6:00 p.m., for a total period of approximately 12.25 hours each day, and Tuesday, Thursday and sometimes Saturday from 6:45 a.m. to 6:00 p.m., for a total period of approximately 11.25 hours each day, for a total period of 59.25 to 70.5 hours during each of the weeks, respectively.

92.    Throughout his employment with Defendants, Plaintiff Martell was paid his wages

in check.

93.     From approximately April 2016 through and including December 31, 2016, Defendants paid Plaintiff Martell a fixed salary of $750 to $900 per week.

94.     From approximately January 1, 2017 through and including December 31, 2017, Defendants paid Plaintiff Martell a fixed salary of $800 to $960 per week.

95.     From approximately January 1, 2018 through and including December 31, 2018, Defendants paid Plaintiff Martell a fixed salary of $850 to $1,020 per week.

96.     From approximately January 1, 2019 through and including January 28, 2020, Defendants paid Plaintiff Martell a fixed salary of $900 to $1,080 per week.

*Factual Allegations Pertaining Specifically to Plaintiff Gutierrez*

97.     Plaintiff Gutierrez was an employee of Defendants.

98.     Plaintiff Gutierrez worked as a construction worker, painter, door installer, floor installer, porter and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

99.     At Defendants' maintenance and construction company, Plaintiff Gutierrez regularly worked in excess of forty (40) hours per week.

100.    From approximately March 2018 through and including November 2018, Plaintiff Gutierrez worked five (5) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 hours during each of the weeks, respectively.

101.    From approximately March 2018 through and including May 2018, Plaintiff Gutierrez was paid his wages in cash.

102.    From approximately June 2018 through and including November 2018, Plaintiff

Gutierrez was paid his wages in check.

103.    From approximately March 2018 through and including November 2018, Defendants paid Plaintiff Gutierrez a fixed salary of $180 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Pereyra*

104.    Plaintiff Pereyra was an employee of Defendants.

105.    Plaintiff Pereyra worked as a driver, porter and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

106.    At Defendants' maintenance and construction company, Plaintiff Pereyra regularly worked in excess of forty (40) hours per week.

107.    From approximately January 2016 through and including July 2018, Plaintiff Pereyra worked five (5) to six (6) days a week: Monday, Wednesday and Friday from 5:45 a.m. to 6:00 p.m., for a total period of approximately 12.25 hours each day, and Tuesday, Thursday and sometimes Saturday from 6:45 a.m. to 6:00 p.m., for a total period of approximately 11.25 hours each day, for a total period of 59.25 to 70.5 hours during each of the weeks, respectively.

108.    Throughout his employment with Defendants, Plaintiff Pereyra was paid his wages in check.

109.    From approximately January 2016 through and including December 2016, Defendants paid Plaintiff Pereyra a fixed salary of $120 per day.

110.    From approximately January 2017 through and including May 2017, Defendants paid Plaintiff Pereyra a fixed salary of $150 per day.

111.    From approximately June 2017 through and including July 2018, Defendants paid Plaintiff Pereyra a fixed salary of $170 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Ramirez*

112.    Plaintiff Ramirez was an employee of Defendants.

113.    Plaintiff Ramirez worked as a construction worker, painter, plasterer and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

114.    At Defendants' maintenance and construction company, Plaintiff Ramirez regularly worked in excess of forty (40) hours per week.

115.    From approximately January 2018 through and including March 2020, Plaintiff Ramirez worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

116.    From approximately January 2021 through and including May 2021, Plaintiff Ramirez worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

117.    Throughout his employment with Defendants, Plaintiff Ramirez was paid his wages in check.

118.    From approximately January 2018 through and including March 2020, Defendants paid Plaintiff Ramirez a fixed salary of $180 per day.

119.    From approximately January 2021 through and including May 2021, Defendants paid Plaintiff Ramirez a fixed salary of $190 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Garrido*

120.    Plaintiff Garrido was an employee of Defendants.

121.    Plaintiff Garrido worked as a driver, porter, and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

122.    At Defendants' maintenance and construction company, Plaintiff Garrido regularly worked in excess of forty (40) hours per week.

123.    From approximately May 2017 through and including August 5, 2017, Plaintiff Garrido worked five (5) to six (6) days a week: Monday, Wednesday and Friday from 5:45 a.m. to 6:00 p.m., for a total period of approximately 12.25 hours each day, and Tuesday, Thursday and sometimes Saturday from 6:45 a.m. to 6:00 p.m., for a total period of approximately 11.25 hours each day, for a total period of 59.25 to 70.5 hours during each of the weeks, respectively.

124.    Throughout his employment with Defendants, Plaintiff Garrido was paid his wages in check.

125.    From approximately May 2017 through and including August 5, 2017, Defendants paid Plaintiff Martell a fixed salary of $120 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Chavez Hernandez*

126.    Plaintiff Chavez Hernandez was an employee of Defendants.

127.    Plaintiff Chavez Hernandez worked as a construction worker, electrician, plasterer, cabinet installer, handyman and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

128.    At Defendants' maintenance and construction company, Plaintiff Chavez

17

Hernandez regularly worked in excess of forty (40) hours per week.

129.    From approximately January 2007 through and including September 2018, Plaintiff Chavez Hernandez worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

130.    From approximately January 2007 through and including December 2011, Defendants paid Plaintiff Chavez Hernandez a fixed salary of $80 per day.

131.    From approximately January 2012 through and including December 2014, Defendants paid Plaintiff Chavez Hernandez a fixed salary of $120 per day.

132.    From approximately January 2015 through and September 2018, Defendants paid Plaintiff Chavez Hernandez a fixed salary of $150 per day.

133.    From approximately January 2007 through and including December 2015, Plaintiff Chavez Hernandez was paid his wages in cash.

134.    From approximately January 2016 through and including September 2018, Plaintiff Chavez Hernandez was paid his wages in check.

*Factual Allegations Pertaining Specifically to Plaintiff Xavier Hernandez*

135.    Plaintiff Xavier Hernandez was an employee of Defendants.

136.    Plaintiff Xavier Hernandez worked as a construction worker, porter and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

137.    At Defendants' maintenance and construction company, Plaintiff Xavier Hernandez regularly worked in excess of forty (40) hours per week.

138.    From approximately February 2018 through and including February 2019, Plaintiff

Xavier Hernandez worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

139.    Throughout his employment with Defendants, Plaintiff Xavier Hernandez was paid his wages in check.

140.    From approximately February 2018 through and including February 2019, Defendants paid Plaintiff Xavier Hernandez a fixed salary of $120 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Vargas*

141.    Plaintiff Vargas was an employee of Defendants.

142.    Plaintiff Vargas worked as a construction worker, painter, plasterer and manual laborer at the maintenance and construction company known as "W.B. Construction" and "Go Pro Construction" located at 11-15 31st Drive, Queens, New York 11106.

143.    At Defendants' maintenance and construction company, Plaintiff Vargas regularly worked in excess of forty (40) hours per week.

144.    From approximately October 2009 through and including October 2019, Plaintiff Vargas worked five (5) to six (6) days a week: 7:00 a.m. to 5:00 p.m., for a total of approximately ten (10) hours each day, and for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

145.    From approximately October 2009 through and including December 2015, Plaintiff Vargas was paid his wages in cash.

146.    From approximately January 2016 through and including October 2019, Plaintiff Vargas was paid his wages in check.

147.    From approximately October 2009 through and including December 2015,

Defendants paid Plaintiff Vargas a fixed salary of $100 per day.

148.   From approximately January 2016 through and including September 2016, Defendants paid Plaintiff Vargas a fixed salary of $150 per day.

149.   From approximately October 2016 through and including September 2018, Defendants paid Plaintiff Vargas a fixed salary of $170 per day.

150.   From approximately October 2018 through and including October 2019, Defendants paid Plaintiff Vargas a fixed salary of $180 per day.

*Factual Allegations Pertaining to all Plaintiffs*

151.   Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

152.   Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

153.   Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

154.   Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

155.   At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

156.   Defendants never granted Plaintiffs with meal breaks or rest periods of any length.

157.   Plaintiffs were not required to keep track of his time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

158.    Instead, Defendants issued Plaintiffs pay stubs, which stated a false number of hours and a false amount earned per week.

159.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

160.    Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

161.    Defendants did not give any notice to Plaintiffs, in English and Spanish (Plaintiffs' primary languages), of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

162.    At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

163.    Plaintiffs brings the First, Second, Third, Fourth and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to construction workers, painters, plasterers, door installers, floor installers, cabinet installers, porters, tile workers, electricians, handymen, drivers and manual laborers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

164.    At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims

of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

165.    The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

166.    Plaintiffs reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

167.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

168.    Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

169.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

170.    Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

171.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

172.    At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

173.    Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

174.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

175.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

176.    Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

177.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

178.    Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

179.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

180.     Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

181.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

182.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

183.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

184.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

185.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

186.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

187.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

188.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

189.     By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

190.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

191.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

192.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

193.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address, if different;

the telephone number of the employer, and anything otherwise required by law.

194.     Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover

their liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

195.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

196.     With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each of the following the dates of work covered by the payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of

regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

197.     As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to

damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (Failure to Pay Timely Wages)

198.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth

herein.

199.     NYLL § 191(1)(a) prohibits employers from paying manual workers at no less

than on a weekly basis.

200.     As described above, throughout their employment with Defendants, Plaintiffs were

underpaid their wages each week.

201.    As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.    awarding Plaintiffs unpaid minimum wages;

i.      awarding Plaintiffs unpaid overtime wages;

j.      awarding Plaintiffs unpaid spread-of-hours pay;

k.      awarding unpaid wages under New York State law for failure to pay timely wages;

l.      awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

m.      awarding unpaid wages under the NYLL and the New York State contract law;

n.      awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

o.      awarding Plaintiffs pre- and post-judgment interest under the NYLL;

p.      awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

q.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       September 20, 2021

                              Respectfully submitted,


                              By:  /s/ Joshua Levin-Epstein
                                   Joshua Levin-Epstein
                                   Jason Mizrahi
                                   Levin-Epstein & Associates, P.C.
                                   60 East 42nd Street, Suite 4700
                                   New York, New York 10165
                                   Tel: (212) 792-0046
                                   Email: Joshua@levinepstein.com
                                   *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*