UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Byron Geovanny Arevalo Fajardo, et al.

       Plaintiff,

                                                                                                                       **SCHEDULING ORDER:**

WB Maintenance & Design Group Inc. et al.                 **21-cv-5236 (PKC)(SJB)**

       Defendant.
------------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

==The parties shall file all future submissions electronically and will ONLY receive correspondence from the Court electronically. It is the responsibility of the parties to confirm that their contact information and e-mail addresses are correct at the time of filing the complaint or answer, as well as regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court.==

An initial conference will be held in this case at 3:30 P.M. on 1/14/2022 before United States Magistrate Judge Sanket J. Bulsara, at 225 Cadman Plaza, East, Brooklyn, New York. The parties are directed to call the toll-free number 877-336-1274. The access code is 6534420. **Counsel for all parties must be present.**

**Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference.** In the event an answer or notice of appearance by defendant's counsel has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference. **Requests for adjournments will not be considered unless made in accordance with Chambers Individual Practices.**

**Rules Governing Discovery**

**1.      Prior to the conference, the parties are to comply with the requirements of Fed. R. Civ. P. 26(f).**  The Court expects the parties to begin the discovery process before the initial conference.  For example, Rule 26(a)(1)(C) requires parties to make initial disclosures at or within 14 days after the parties' Rule 26(f) conference.  And a Rule 26(f) conference must be held at least 21 days before the initial conference or before the Court's Rule 16(b) order is due.  In addition to the matters specified in Fed. R. Civ. P. 16(b) and 26(f), counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data, and (2) whether any party will rely upon expert testimony, and if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained.

Separately, parties may serve document requests prior to the Rule 26(f) conference, and the requests are deemed served on the date of the conference.  *See* Rule 26(d)(2) and 34(b)(2)(A).

**2.      The parties are directed to prepare a proposed Rule 26(f) Report.**  To assist in this process, the Court has included in this Order a "Rule 26(f) Report" that must be completed and submitted to the Court via ECF, at least two days prior to the conference.  The Worksheet sets forth a date for completion of all discovery.  The parties are directed to establish reasonable interim discovery deadlines to meet the needs of their case.

Phase I Discovery consists of the information that parties believe needs to be exchanged before a reasoned settlement discussion can take place. In some cases this may consist of nothing more than initial disclosures; in other cases, more extensive exchanges of information may be required. This phase of discovery should be carefully tailored to avoid expense and delay and with the recognition that parties may have to consider resolution with incomplete information. This phase of discovery will presumptively require no more than 60 days.

Phase II Discovery represents the balance of discovery required to prepare for trial.

At the conference, the Court will consider the parties' suggested deadlines and, upon consideration of the rules and practices of the assigned District Judge, enter an appropriate scheduling order. The parties should discuss their discovery needs thoroughly in advance of the conference so that the Court can order a realistic schedule. Should the parties believe the case requires a non-phased discovery approach, the parties shall submit a full report as required under Rule 26 and a proposed schedule for the Court's consideration. Once a scheduling order has been entered with the parties' input, discovery deadlines will be enforced and amendments to the schedule will be considered only for good cause.

3. **Cooperation During Discovery.** As required by Local Civil Rule 26.4, the parties and counsel are expected to work cooperatively during all aspects of discovery including in matters relating to scheduling and timing of various discovery procedures. Discovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client.

4. Finally, the parties should also review the attached information sheet regarding the Court's **Alternative Dispute Resolution Program**.

**SO ORDERED.**

    /s/ Sanket J. Bulsara
SANKET J. BULSARA
United States Magistrate Judge

November 2, 2021
Brooklyn, New York

<h1 style="text-align:center"><u>RULE 26(f) REPORT</u></h1>

**Case No.:**                                                    **Date of Initial Conference:**

**Plaintiff(s):**

**Defendants(s):**

<h2 style="text-align:center"><u>Phase 1 Discovery</u></h2>

*Phase 1 discovery entails reciprocal and agreed upon document production and other discovery necessary for a reasoned consideration of settlement.*

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _____. *See* Fed. R. Civ. P. 26(a)(1)(C) ("Unless otherwise agreed upon, the date for completion will be 14 days following the Rule 26(f) conference.").

   (Alternatively, of because of the nature of the case, initial disclosures are not required check here: \_\_\_\_\_ ).

2. Date for exchange of discovery necessary for reasoned consideration of settlement: _____. (This includes, where appropriate, executions of HIPAA records authorizations. Presumptively 60 days after initial conference).[1]

3. Settlement Conference and Mediation

   a. <u>Option 1</u>: Date for initial settlement conference: _____. (The parties should propose a date approximately 10-15 days after the completion of document exchange. Should the settlement conference be adjourned for any reason, the parties must still proceed forward Phase 2 discovery, unless the parties make a motion and the Court grant the extension of the existing deadlines.)

   b. <u>Option 2</u>: The parties wish to be referred to the EDNY Mediation Program for mediation to be completed in the next 60 days: _____.

---

[1] Should the parties not agree or absent a court order to the contrary, following the initial conference, the presumptive dates shall constitute the Rule 16 scheduling order in this case.

## Phase 2 Discovery

*Phase 2 discovery is post-settlement conference discovery that takes the parties to dispositive motion practice.*

1. Because this is an appeal from final agency action, discovery is not required because the parties because intend to move directly to dispositive motion practice after the production of the certified administrative record.  If so, please check here: _____, and proceed to Question 10.  Otherwise, proceed to Question 2.

2. Time for amendment of the pleadings to add claims or join additional parties: _____.  (*Presumptively 15 days post settlement conference.*)

3. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number permitted by plaintiff(s)_____   and defendant(s) _____.

4. Number of depositions by plaintiff(s) of: _____parties; _____non-parties.

5. Number of depositions by defendant(s) of: _____parties; _____non-parties.

6. Will any independent medical examinations (IMEs) be conducted?  YES/NO.  Time frame for any IMEs (or describe if additional recovery or surgical intervention required before IMEs can be scheduled):

7. Date for completion of fact discovery: _____.  (*Presumptively 5 months after settlement conference.*)

8. Number of expert witness of plaintiff(s): _____ medical; _____ non-medical.  Date for exchange of expert report(s): _____.

9. Number of expert witness of defendant(s): _____medical; _____ non-medical.  Date for expert report(s): _____.

10. Date for completion of expert discovery: _____.  (*Presumptively 30 days following the final exchange of expert reports*).

11. Final date to take the first step in dispositive motion practice: _____.  (*Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days post completion of expert discovery*).

12. Contemplated dispositive motions:

    a. Plaintiff(s):

2

    b. Defendant(s):

13. Have counsel discussed the existence of electronically stored information, and discussed the location and production of such information, as required by Rule 26? YES/NO.  Have the parties entered into an ESI protocol? YES/NO.  Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case: _____).

14. Date for submission of any protective order for Court approval: _____.

15. Details on Rule 26(f) meeting

    a. Date meeting held:

    b. Plaintiff(s)' representative(s) who participated:

    c. Defendant(s)' representative (s) who participated:

16. For cases where basis of subject matter jurisdiction is diversity:

    a. Is any party an LLC or partnership? YES/NO.  If yes, list all members of LLC or partnership and their respective states of citizenship:

    b. Citizenship of each plaintiff:

    c. Citizenship of each defendant:

17. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C § 636(c)? YES/NO. *(Answer no if any party declines to consent without indicating which party has declined.)*

18. Please list counsel for each side that will be appearing at the initial conference:

# Eastern District of New York
## Alternative Dispute Resolution Program

Robyn Weinstein, ADR Administrator
t. 718.613.2578
c. 917.796.6244
Robyn_Weinstein@nyed.uscourts.gov

Rita Credle, Arbitration Clerk
t. 718.613.2325
Rita.Credle@nyed.uscourts.gov

## ADR at the EDNY

The Eastern District ADR office offers court annexed mediation and arbitration services to litigants. ADR services are administered by Robyn Weinstein, the ADR Administrator here at the Eastern District.

## Mediation

Established in 1992, the mediation program at the Eastern District of New York consists of a panel of more than two hundred and fifty mediators with varying specialties and areas of expertise. Cases are referred to mediation by judges or by party request at any time before the disposition of the case.

Mediation is a confidential process in which parties and counsel meet with a neutral third party who is trained in settling disputes. Mediation provides an opportunity to explore a wide range of potential solutions and to address interests that may be outside the scope of the stated controversy or which could not be addressed by judicial action. If a settlement is not reached during the mediation session, parties may proceed to trial with all appellate rights preserved.

Mediators obtained through the court annexed mediation program offer their services at a reduced rate of $600.00 for the first four hours, and $250.00 per hour for each hour thereafter. Mediators do not charge for any time spent in preparation of the mediation session.

**Court annexed mediation at the EDNY is governed by Local Civil Rule 83.8.**

## Hurricane Sandy Mediation Panel

The Court also established a Hurricane Sandy Mediation program, as a means to resolve the litigation surrounding insurance claims filed by those affected by the super storm.

The EDNY maintains a list of neutrals who are trained and qualified to assist parties in resolving matters related to damage caused by Hurricane Sandy.

## Representation in Mediation

The EDNY has a long standing tradition of providing pro bono legal assistance to pro se litigants. The EDNY ADR Program administers a representation in mediation program which provides pro se litigants with claims of employment discrimination an opportunity to obtain counsel for the limited purpose of mediation. In these cases, EDNY mediators who mediate these claims serve pro bono.

## Arbitration

The EDNY arbitration program was established in 1986 and is one of ten districts with a mandatory Court-Annexed Arbitration program.

At the EDNY a case is automatically referred to arbitration where money damages do not exceed $150,000. There is an exception to the mandatory referral for cases involving social security, tax matters, prisoners' civil rights and any action based on an alleged violation of a right secured by the Constitution of the United States or if jurisdiction is based in whole or in part on Title 28, U.S.C. § 1343.

Arbitration is a process where a neutral third-party arbitrator will adjudicate the dispute in an expedited manner. Arbitrations are heard by one qualified arbitrator, unless one or more parties request a panel of three. The arbitration hearings usually take place within six months of the filing of the answer, and the Federal Rules of Evidence serve as guidelines but are not rigidly enforced. At the conclusion of the arbitration hearing the arbitrator will issue an award in favor one party, which will be binding, unless one of the parties requests a trial de novo.

**Court Annexed Arbitration at the EDNY is governed by Local Civil rule 83.7**

*For more information about the EDNY ADR Program visit https://www.nyed.uscourts.gov/alternative-dispute-resolution*