# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street• Suite 2727 • New York, NY 10165 • T: 212.792-0046
E: jason@levinepstein.com

**Via ECF**
The Honorable Sanket J. Bulsara, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Arevalo Fajardo et al v. WB Maintenance & Design Group Inc. et al*
            **Case No.: 1:21-cv-05236-PKC-SJB**

Dear Honorable Magistrate Judge Bulsara:

      This law firm represents Plaintiffs Byron Geovanny Arevalo Fajardo ("Fajardo"), Carlos Martell ("Martell"), Jose Gutierrez ("Gutierrez"), Juan Pereyra ("Pereyra"), Iñigo Mendoza Ramirez (a/k/a Eduardo Mendoza Ramirez) ("Ramirez"), Miguel Garrido ("Garrido"), Reymundo Chavez Hernandez (a/k/a Ramon Chavez Hernandez) ("Chavez Hernandez"), Richard Xavier Hernandez ("Xavier Hernandez"), Sebastian Alfredo Espinosa Vargas (a/k/a Sebby Espinosa Vargas) ("Vargas"), Jairo Rivas ("Rivas"), Elias Ordones ("Ordones"), and George Palta ("Palta", and collectively, the "Plaintiffs") in the above-referenced matter.

      Pursuant to Rules I(A) and IV(A) of Your Honor's Individual Motion Practices[1], this letter respectfully serves as a renewed request for the immediate entry of an emergency protective order pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 65, enjoining and restraining Defendants Wladimir Briceno, Betty Briceno, Jeissy Briceno, Jeimy Briceno, Alexander Briceno (collectively, the "Bricenos"), their employees, agents, representatives, attorneys, servants and all persons acting on their behalf from, *inter alia*, contacting, threatening, harassing, intimidating, following, and/or assaulting Plaintiffs.

      As set forth more fully in the accompanying affidavit of Plaintiff Martell, which is incorporated herein by reference, and annexed hereto as **Exhibit "A"**, Plaintiffs have suffered, and are likely to continue suffering, irreparable injury and bodily harm in the absence of an immediate injunction

      This letter further respectfully serves to provide the Court with advanced notice of Plaintiffs' intention to file a motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a)(2) to add additional causes of action for, *inter alia*; (i) assault and battery under New York state law; (ii) retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); (iii) retaliation under the New York State Labor Law ("NYLL"); and (iv) filing fraudulent information returns with the IRS in violation of 26 U.S.C. § 7434. Plaintiffs further anticipate the filing of an amended complaint to add, *inter alia*, Alexander Briceno as an individual defendant to the above-referenced caption.

      These charges are not made lightly.
      **I.**      **Relevant Background of the Emergency Protective Order**

---
[1] Out of an abundance of caution, the instant application is also being submitted pursuant to Rules (1)(A) and 1(E) of the Individual Motion Practices of the Honorable Judge Pamela K. Chen.

1

Plaintiffs are twelve (12) former employees of Defendants' maintenance and construction company, "W.B. Construction" a/k/a "Go Pro Construction". [*See, generally,* Dckt. No. 1 (the "*Compl.*")]. Most of the Plaintiffs are long-term employees of "W.B. Construction" a/k/a "Go Pro Construction", having worked between five (5) and eleven (11) years for the company. [*Id.*]. Plaintiffs allege significant wage and hour violations under the FLSA and NYLL for, *inter alia*, unpaid minimum wages, overtime compensation, spread-of-hours, and violations of the notice and record keeping requirements of the New York Wage Theft Prevention Act. [*Id*].

The instant action was filed on September 20, 2021. [*Id.*]. Shortly after Defendants became aware of Plaintiffs' lawsuit they initiated a campaign of threatening, harassing, intimidating and retaliating against Plaintiffs. [*See* Ex. A at ¶ 5]. Defendants have threatened, and are continuing to threaten, to report certain Plaintiffs to the United States Immigration and Naturalization Service ("INS"). [*Id.* at ¶ 6].Defendants verbal threats have now turned violent. [*Id.* at ¶ 7].

On or around the evening of December 2, 2021, at approximately 8:30 p.m., Alexander Briceno, Jeissy Briceno, and Jeissy Briceno's husband violently attacked Plaintiff Martel. [*Id.* at ¶ 8]. The encounter took place at or near the "Turbo Laundry Limited" Laundromat located at 6201 Northern Blvd # C, Woodside, NY 11377. [*Id.* at ¶ 9]. During the encounter, Alexander Briceno threatened Plaintiff Martel that: "this is going to happen to everyone that signed that paper" [*i.e.,* the Plaintiffs that joined the lawsuit], and that he would be "going after [Plaintiff Martell's] family now." [*Id.* at ¶ 10]. During the encounter, Jeissy Briceno stated "this is what happens when you try to take my money." [*Id.* at ¶ 11].

Plaintiff Martel witnessed Jeissy Briceno recording the violent encounter. [*Id.* at ¶ 12].

Plaintiff Martel has sustained injuries to his head, face and neck. [*Id.* at ¶ 13].

Plaintiff Martel and his coworkers now turn to this Honorable Court for the entry of an emergency protective order, enjoining and restraining the Bricenos from any further retaliation. [*Id.* at ¶ 14].

## II.  Legal Standard

Preliminary injunctions and temporary restraining orders may be granted under Fed.R.Civ.P. 65[2] when the plaintiff establishes: (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation"; (2) that they are "likely to suffer irreparable injury in the absence of an injunction"; (3) "the balance of hardships tips in [their] favor" ("decidedly" so where there are "serious questions going to the merits"); and (4) the "'public interest would not be disserved' by the issuance of a preliminary

---

[2] Fed.R.Civ.P. 65 provides in relevant part as follows:

(a) Preliminary Injunction. (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.

(b) Temporary Restraining Order. (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney…

injunction." *Salinger v. Colting,* 607 F.3d 68, 74, 79-80 (2d Cir. 2010) (citations omitted); *see also Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 145 (2d Cir. 2003). The "'serious questions' standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 35 (2d Cir. 2010).

In this case, the Court should grant the requested relief because Plaintiff can demonstrate each of the above elements for a temporary restraining order and preliminary injunction.

### III. Analysis

#### A. Likelihood of Success on the Merits

Plaintiffs have demonstrated a likelihood of success on the merits of their FLSA and NYLL retaliation claims, and assault and battery claims. The FLSA provides that it is "unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]…" 29 U.S.C. § 215(a)(3). Under the FLSA, a person is defined as any "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." *136 29 U.S.C. § 203(a). Thus, the anti-retaliation provision of the FLSA does not apply only to employers; it applies to "any person." *See, e.g., Bowe v. Judson C. Burns, Inc.,* 137 F.2d 37, 38–39 (3d Cir.1943); *Rivera v. Installation Club Sys.,* 623 F.Supp. 269, 271 (D.P.R.1985) (noting that "person" is broader than "employer"); *Donovan v. Schoolhouse Four, Inc.,* 573 F.Supp. 185, 188 (W.D.Va.1983).

To establish a *prima facie* claim of retaliation in violation of the FLSA, a plaintiff must show "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Lai v. Eastpoint Int'l, Inc.,* 2000 WL 1234595, *3 (S.D.N.Y. Aug. 31, 2000) (citations omitted). As set forth more fully in § I, *supra*, Plaintiffs have established a *prima facie* case of retaliation in this case.

Under New York law, an assault is "an intentional placing of another person in fear of imminent harmful or offensive contact." *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993). A battery is "an intentional wrongful physical contact with another person without consent." *Id.* The terms assault and battery do not in any way depend "on the degree of violence" because the law "totally prohibits the first and lowest stage, since every individual's person is sacred and no other has the right to touch it." *Id.* (citations omitted).

Plaintiffs have undertaken a protected activity under the FLSA in filing the instant litigation and the Bricenos knew of the lawsuit within a few days after it was filed. The Bricenos' actions after learning of the lawsuit, *i.e.,* threatening to report certain Plaintiffs to the INS, and violently assaulting Plaintiff Martel, constitute an adverse employment action. *See, e.g.*, *P Lemus v. Pezzementi,* 2020 WL 133591, at *6 (S.D.N.Y. 2020) (assault and battery allegations arising out of the filing of a wage-and-hour action sufficient where Plaintiff identified his assailant, the date of the attack, and the manner of the attack); *Centeno-Bernuy v. Perry, 3*02 F. Supp. 2d 128, 136

3

(W.D.N.Y. 2003) (workers demonstrated likelihood of success on retaliation claims, necessitating entry of protective order); *Singh v. Jutla & C.D. & R's Oil, Inc.,* 214 F.Supp.2d 1056, 1059 (N.D.Cal. 2002) (discussing forms of illegal retaliation under the FLSA other than retaliatory discharge); *Contreras v. Corinthian Vigor Ins. Brokerage, Inc.,* 103 F.Supp.2d 1180 (N.D.Cal. 2000) (reporting a plaintiff to the INS in retaliation for a plaintiff having complained under the FLSA constituted an adverse employment action). Further, there is sufficient evidence to support a finding of a causal connection between Plaintiffs' protected activity under the FLSA and the Bric]enos' adverse employment actions.

### B. Sufficiently Serious Questions and Balance of Hardships

Even assuming *arguendo* that Plaintiffs have failed to establish a likelihood of success on the merits, they are still entitled to a preliminary injunction because they have established sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in their favor. For the reasons already stated, there are serious questions going to the merits of Plaintiffs' claims of retaliation making them fair ground for litigation. Further, the balance of hardships tips decidedly in Plaintiffs' favor. The failure to grant an injunction will (literally) harm Plaintiffs. Without the sought-after injunctive relief, Plaintiffs' will face bodily harm, continue to face difficulty in prosecuting the instant litigation, and could face criminal and administrative action against them because of the Bricenos' accusations. In contrast, if an injunction is issued, the Bricenos will not suffer any hardship. They will simply be prevented from physically assaulting Plaintiffs, and continuing to repeat their baseless claims about Plaintiffs to government authorities.

### IV. Conclusion

For the foregoing reasons, on behalf of Plaintiffs, we respectfully request the Court issue an emergency protective order in this case. A true and correct copy of Plaintiffs' proposed emergency protective order is annexed hereto as **Exhibit "B"**.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*

VIA ECF: All Counsel