

90 Broad Street, 10th Floor
New York, New York 10004
**O:** 212.386.7606
**F:** 332.777.1884
www.kilegal.com

December 6, 2021

**VIA ECF**
Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Arevalo Fajardo, et al. v. WB Maintenance & Design Group, et al.
      Civil No. 1:21-cv-5236-PKC-SJB

Dear Judge Bulsara:

  We represent the Defendants in the above-referenced matter. We are in receipt of Mr. Mizrahi's amended application for an "emergency protective order." Once again, Mr. Mizrahi has placed hearsay and only the vaguest of facts before the Court to support Plaintiffs' application for extraordinary relief. We respectfully request that this application be denied.

  The only arguably competent allegations before the Court relate to an alleged altercation outside a laundromat last Thursday evening. However, Plaintiff Carlos Martell has provided no details of the alleged altercation. There is no police report. There are no medical records. There are only conclusory allegations. Most importantly, Plaintiff Martell has provided no competent evidence to demonstrate how the alleged altercation relates to the subject matter of this otherwise routine FLSA claim. In fact, the evidence will show that Plaintiff Martell has a long-standing vendetta against Alexander Briceno over a woman. Mr. Briceno is not a defendant here.

  Perhaps more troubling, Plaintiff Carlos Martell has now accused the Defendants of extortion. NY Penal Law § 155.05. Not only is this accusation defamatory, Mr. Mizrahi's assertion of it here seems to place him in violation of the New York Rules of Professional Conduct, which prohibits attorneys from "present[ing], participat[ing] in presenting, or threaten[ing] to present criminal charges solely to obtain an advantage in a civil matter." NY R. Prof. Conduct, Rule 3.4(e). Defendants will address Mr. Martell's libel and his attorney's ethical violation at the appropriate time.

  This is Plaintiffs' second frivolous application which has placed inflammatory and defamatory allegations before the Court to prejudice the Defendants. This is the essence of bad faith litigation and harassment. We will be asking Plaintiffs' counsel to withdraw this baseless motion pursuant to Rule 11.



Based on the foregoing, Defendants respectfully request the Court to deny Plaintiffs' application. Defendants reserve the right to submit a more fulsome response if requested by the Court. Alternatively, the Defendants request a Court conference in order to deal with Plaintiff Martell's new allegations and/or to narrow the issues before the Court.

Respectfully submitted,

By: s/ Steven Siegler
Steven Siegler, Esq (SS 1224)

cc:   Jason Mizrahi, Esq. (via ECF)