UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Byron Geovanny Arevalo Fajardo, Carlos Martell, Jose Gutierrez, Juan Pereyra, Iñigo Mendoza Ramirez (a/k/a Eduardo Mendoza Ramirez), Miguel Garrido, Reymundo Chavez Hernandez (a/k/a Ramon Chavez Hernandez), Richard Xavier Hernandez, and Sebastian Alfredo Espinosa Vargas (a/k/a Sebby Espinosa Vargas), *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

         *Plaintiffs*,

- against -

WB Maintenance & Design Group Inc., W.B. & Son Construction Corp., Wladimir Briceno, Betty Briceno, Jeissy Briceno, and Jeimy Briceno,

         *Defendants*.
-----------------------------------------------------------------X

Case No.: 1:21-cv-5236

**AFFIDAVIT OF CARLOS MARTELL**

**STATE OF NEW YORK**   )
            ) **SS.:**
**COUNTY OF QUEENS**   )

   **CARLOS MARTELL**, being duly sworn, deposes and says as follows:

   1. I am an individual Plaintiff in in the above-captioned matter. As a result, I am familiar with the facts and circumstances discussed herein based upon personal knowledge.

   2. I make this affidavit in support of Plaintiffs'[1] emergency motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 65, enjoining and restraining Defendants Wladimir Briceno, Betty Briceno, Jeissy Briceno, Jeimy Briceno,

---

[1] The term "Plaintiffs" collectively refers to Plaintiffs Byron Geovanny Arevalo Fajardo ("Fajardo"), Carlos Martell ("Martell"), Jose Gutierrez ("Gutierrez"), Juan Pereyra ("Pereyra"), Iñigo Mendoza Ramirez (a/k/a Eduardo Mendoza Ramirez) ("Ramirez"), Miguel Garrido ("Garrido"), Reymundo Chavez Hernandez (a/k/a Ramon Chavez Hernandez) ("Chavez Hernandez"), Richard Xavier Hernandez ("Xavier Hernandez"), Sebastian Alfredo Espinosa Vargas (a/k/a Sebby Espinosa Vargas) ("Vargas"), Jairo Rivas ("Rivas"), Elias Ordones ("Ordones"), and George Palta ("Palta").

1

Alexander Briceno[2] (collectively, the "Bricenos"), their employees, agents, representatives, attorneys, servants and all persons acting on their behalf from, *inter alia*, contacting, threatening, harassing, intimidating, following, and/or assaulting Plaintiffs, and in support of Plaintiffs' motion for leave to file a first amended complaint, pursuant to Fed.R.Civ.P. 15(a)(2).

3. The Bricenos are the owners and operators of "W.B. Construction" a/k/a "Go Pro Construction" , a maintenance and construction company based in Queens, NY, that has been in business for over 18 years.

4. The twelve (12) Plaintiffs worked at W.B. Construction as drivers and/or manual laborers. While the exact nature of Plaintiffs' duties and responsibilities varied, each Plaintiff was exploited by Defendants' company-wide policy and practice of wage theft.

5. Plaintiffs allege significant wage and hour violations under the FLSA and NYLL for, inter alia, unpaid minimum wages, overtime compensation, spread-of-hours, and violations of the notice and record keeping requirements of the New York Wage Theft Prevention Act.

6. The instant action was filed on September 20, 2021. Shortly after Defendants became aware of Plaintiffs' lawsuit they initiated a campaign of threatening, harassing, intimidating and retaliating against Plaintiffs.

7. At the center of this intimidation campaign is Alexander Briceno[3], who has threatened, and is continuing to threaten, to report certain Plaintiffs to the INS.

8. Far more concerning, Defendants' campaign has turned violent.

9. On the evening of December 2, 2021, at approximately 8:30 p.m., Alexander Briceno, Jeissy Briceno, and Jeissy Briceno's husband violently attacked me.

---

[2] As set forth more fully herein, Alexander Briceno violently assaulted me in retaliation for filing the instant action, and threatened to report my co-workers to the United States Immigration and Naturalization Service ("INS"). Alexander Briceno will be added as a Defendant as part of the claims supporting Plaintiffs' preliminary injunction.
[3] Alexander Briceno is Wladimir and Betty Briceno's son, and Jeissy and Jeimy Briceno's brother.

10. The encounter took place at or near the "Turbo Laundry Limited" Laundromat located at 6201 Northern Blvd # C, Woodside, NY 11377.

11. During the encounter, Alexander Briceno threatened me that: "this is going to happen to everyone that signed that paper" [*i.e.*, the Plaintiffs that joined the lawsuit], and that he would be "going after [my] family now."

12. During the encounter, Jeissy Briceno stated "this is what happens when you try to take my money."

13. I witnessed Jeissy Briceno recording the violent encounter.

14. I have sustained injuries to his head, face and neck.

15. After the attack, I photographed myself to document my injuries. True and correct copies of these photographs are annexed hereto as **Exhibit "A"**.

16. On Friday, December 3, 2021, at approximately 5:42 p.m., I reported the assault to the New York City Police Department, at the 114th Precinct in Queens, NY.

17. I had reported the assault to Officer Matthew Morrison, who identified himself by his name and shield number, 21150.

18. A criminal complaint report was subsequently filed against Alexander Briceno under Complaint # 2021-114-012428 (the "Complaint Report"). A true and correct copy of this Complaint Report is annexed hereto as **Exhibit "B"**.

19. According to the Complaint Report, Alexander Briceno was arrested on December 7, 2021.

20. According to publicly available information from the New York State Unified Court System, Alexander Briceno appeared for an arraignment hearing in the Queens County Criminal Court, Part "APAR1" before the Honorable Judge Joanne Watters on December 8, 2021.

21. Alexander Briceno was charged with one count of assault in the third degree (N.Y. Penal Law § 120.00(1)), and one count of harassment in the second degree (N.Y. Penal Law § 240.26(1))

22. Judge Watters entered a temporary order of protection against Alexander Briceno, in my favor. A true and correct copy of the temporary restraining order is annexed hereto as **Exhibit "C"**.

23. Of critical importance, the temporary order of protection does not cover any of the other Plaintiffs.

24. After the arrangement hearing, Alexander Briceno was released on recognizance.

25. This criminal matter is captioned, *People of the State of New York v. Alexander Briceno,* Case No: CR-025670-21QN.

26. My coworkers and I now turn to this Honorable Court for the entry of an emergency protective order, enjoining and restraining the Bricenos from any further retaliation.

[**Remainder of Page Intentionally Left Blank**]

[**Signature Page to Follow**]

State of <u>New York</u>     )
                             ) ss.:
County of <u>New York</u>    )

On the <u>8th</u> day of <u>December</u> in the year 2021 before me, the undersigned, personally appeared Carlos Martell personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**CARLOS MARTELL**
_____
Carlos Martell