**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
Byron Geovanny Arevalo Fajardo, Carlos Martell,
Jose Gutierrez, Juan Pereyra, Iñigo Mendoza Ramirez
 (a/k/a Eduardo Mendoza Ramirez), Miguel Garrido,
Reymundo Chavez Hernandez (a/k/a Ramon
Chavez Hernandez), Richard Xavier Hernandez, and
Sebastian Alfredo Espinosa Vargas (a/k/a Sebby Espinosa
Vargas), on behalf of themselves and others similarly
situated in the proposed FLSA Collective Action,                          Motion Sequence No. 001

                        Plaintiffs,                          Index No.: 1:21-cv-05236

              V.

WB Maintenance & Design Group Inc., W.B. &
Son Construction Corp., Wladimir Briceno,
Betty Briceno, Jeissy Briceno, and Jeimy Briceno,

                  Defendants.

-------------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**APPLICATION FOR A PRELIMINARY INJUNCTION AND MOTION FOR LEAVE**
**TO FILE AN AMENDED COMPLAINT**


**KOUTSOUDAKIS & IAKOVOU**
**LAW GROUP, PLLC**
Andreas Koutsoudakis
Steven Siegler
*Attorneys for Defendants*
90 Broad Street, 10th Floor
New York, New York 10004
(O): (212) 386-7606
(D): (212) 710-2607
(E): andreas@kilegal.com
      steven@kilegal.com

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..................................................2

LEGAL STANDARD....................................................................................................................4

    Irreparable Harm ....................................................................................................................5

    Likelihood of Success ............................................................................................................5

    Serious Questions Test and Balancing of the Equities ..........................................................6

 LEGAL ARGUMENT ...................................................................................................................6

    PLAINTIFFS DO NOT MEET THE REQUISITE ELEMENTS FOR INJUNCTIVE
    RELIEF ..................................................................................................................................6

    A.  Plaintiffs Have Not Shown Irreparable Harm.................................................................7
    B   Plaintiffs Have Not Shown a Likelihood of Success ....................................................9
    C.  Plaintiffs Have Not Satisfied Their Burden of Persuasion on the
         Serious Questions Test and Balancing of the Equities ...............................................10

    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THE
    COMPLAINT .......................................................................................................................12

    A.  The Motion to Amend Must be Denied because the Amendments will
         Substantially Prejudice Defendants' Rights to a Speedy Resolution..........................12

    B.  The Motion to Amend Must be Denied because Plaintiffs Have Not
         Satisfied the Requirements of Fed. R. Civ. P. 20(a) ...................................................13

CONCLUSION............................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Am. Metro. Enterprises of New York, Inc. v. Warner Bros. Recs.*,
    389 F.2d 903 (2nd Cir. 1968) ........................................................................5

*Apollo Technologies Corp. v. Centrosphere Indus. Corp.*, 805 F.Supp. 1157 (D.N.J. 1992) .........6

*Arroyo v. PHH Mortg. Corp.*, 2014 WL 2048384 (E.D.N.Y. May 19, 2014) ...............................15

*Block v. First Blood Assocs.*, 988 F.2d 344 (2nd Cir. 1993) ...........................................................13

*Champlain Enter., Inc. v. U.S.*, 945 F. Supp. 468 (N.D.N.Y. 1996) ...............................................12

*Cherokee Pump & Equip. v. Aurora Pump*, 38 F.3d 246 (5th Cir.1994) .........................................5

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*,
    598 F.3d 30 (2nd Cir. 2010) ........................................................................6

*City of NY v. Mickalis Pawn Shop*, 645 F.3d 114 (2nd Cir. 2011) .................................................12

*Coleman v. Bank of New York Mellon*, 2013 WL 1187158 (N.D. Tex. Mar. 4, 2013) ..................5

*Destiny USA Holdings, LLC v. Citigroup Global Markets Realty Corp.*,
    69 A.D.3d. 212 (N.Y. Sup. Ct., 4th Dep't 2009) .............................................................10

*Eastin-Phelan Corp. v. Hal Roach Studios, Inc.*, 350 F.Supp. 1328 (S.D.N.Y. 1972)...................6

*F. & M. Schaefer Corp. v. C. Schmidt & Sons, Inc.*, 597 F.2d 814 (2d Cir. 1979) .................6, 10

*Fisher v. Deitsch*, 168 A.D.2d 599 (N.Y. Sup. Ct., 2d Dep't. 1990)...................................... 10-11

*Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144 (2nd Cir. 1999)..................4

*General Elec. Co. v. American Wholesale Co.*, 235 F.2d 60 (7th Cir. 1956).................................6

*Gulf & Western Corp. v. Craftique Productions, Inc.*, 523 F.Supp. 603 (S.D.N.Y. 1981) ............5

*Iavarone v. Raymond Keyes Assocs., Inc.*, 733 F.Supp. 727 (S.D.N.Y. 1990)..............................11

*Jack Kahn Music Co., Inc. v. Baldwin Piano & Organ Co.*, 604 F.2d 755 (2nd Cir. 1979) ...........5

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70 (2nd Cir. 1979)...........................6, 10

*Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F.Supp.2d 821 (S.D.N.Y. 2008) ...........14

*Lai v. Eastpoint Int'l*, 2000 WL 1234595 (S.D.N.Y. Aug. 31, 2000) ...........................................9

*Luedtke v. Bertrand*, 32 F.Supp.2d 1074 (E.D.Wis.1999)...............................................................8

*NACCO Materials Users, Inc. v. Toyota Materials Handling USA*,

     246 F. App'x. 929 (6th Cir. 2007) ................................................................... 7-8

*Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co*.,
     497 F.2d 1151, 1154 (2nd Cir. 1974) ...................................................13

*Nat'l Coal. for Pub. Ed. & Religious Liberty v. Califano*, 446 F. Supp. 193 (S.D.N.Y. 1978).......5

*Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122 (S.D.N.Y. 2003) ...................................................14

*Rodriguez v. Barrows*, 2018 WL 11205713 (S.D. Fla. 2018) ........................................................8

*Ross v. Houston Indep. Sch. Dist.*, 699 F. 2d 218 (5th Cir. 1983) ................................................12

*Stein v. Guardsmark, LLC*, No. 12-CIV-4739 (JPO),
     2013 WL 3809463 (S.D.N.Y. July 23, 2013) ...................................................13

*Taylor v. Gilmartin*, 434 F. Supp. 909, 911 (W.D. Okla. 1977).....................................................5

*Thompson v. New York Cent. R. Co.*, 361 F.2d 137 (2nd Cir. 1966) ..............................................5

*U.S. v. Siemens Corp.*, 621 F.2d 499 (2nd Cir. 1980).....................................................................4

*Wickes v. Belgian Am. Educ. Found., Inc.*, 266 F. Supp. 38 (S.D.N.Y. 1967) ...........................5-6

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)..........................................8

**Statutes**

Fed. R. Civ. P. 15(a). ................................................................................................................. 12

Fed. R. Civ. P. 65(d) ................................................................................................................... 5

Fed.R.Civ.P. 20(a)(2) ................................................................................................................ 13

## PRELIMINARY STATEMENT

Go-Pro Maintenance Inc., d/b/a of W.B. Maintenance & Repair Corp., improperly pled as "W.B. Maintenance and Design Group, Inc." ("W.B."), together with defendants Wladimir Briceno, Betty Briceno, Jeissy Briceno ("Jeissy"), and Jeimy Briceno (collectively, the "Individual Defendants")[1], submit this memorandum of law, along with the attached affidavit of Jeissy Briceno, dated December 13, 2021 ("Jeissy Affidavit"), in opposition to Plaintiffs' motion for a preliminary injunction and motion to amend the complaint.

Plaintiffs' motion for a preliminary injunction against the Individual Defendants must be denied because Plaintiffs have not satisfied their burden of persuasion that they will suffer irreparable harm if the preliminary injunction is not entered. Their vague and conclusory allegations are not sufficient. Further, Plaintiffs have not demonstrated a strong likelihood of success on their unpled FLSA retaliation claim. Lastly, the imposition of an overbroad and unnecessary injunction against the Individual Defendants, with a concomitant risk of civil contempt proceedings, would be severely prejudicial to them without providing any corresponding benefit to the Plaintiffs. Plaintiff Carlos Martell has already obtained a temporary restraining order against Alex Briceno, the sole actor in the alleged retaliation.

Defendants oppose Plaintiffs' motion to file an amended complaint because the proposed amendment does not concern the same defendants or facts of the underlying matter.

For these reasons, and as set forth in more detail below, the Individual Defendants respectfully request the Court to deny Plaintiffs' application for a preliminary injunction and deny Plaintiffs' motion for leave to file an amended complaint.

---

[1] Alex Briceno is not represented by Koutsoudakis & Iakovou Law Group, PLLC.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On September 20, 2021, Plaintiffs commenced this lawsuit alleging wage and hour violations under the FLSA and NYLL including, inter alia, unpaid minimum wages, overtime compensation, spread-of-hours, and violations of the notice and record keeping requirements of the New York Wage Theft Prevention Act. [Pacer ECF Doc. No. 1].

On December 3, 2021, Plaintiffs filed a request for a temporary restraining order ("TRO") "enjoining and restraining Defendants Wladimir Briceno, Betty Briceno, Jeissy Briceno, Jeimy Briceno, their employees, agents, representatives, attorneys, servants and all persons acting on their behalf, and non-party Alexander Briceno, from, inter alia, contacting, threatening, harassing, intimidating, following, and/or assaulting Plaintiffs." [PACER ECF Doc. No. 42]. Plaintiffs' request also provided the court with notice that they are intending to file a motion for leave to file an amended complaint to add Alexander Briceno as a defendant and add the following claims: (i) assault and battery under New York state law; (ii) retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"); (iii) retaliation under the New York State Labor Law ("NYLL"). The sole basis for the TRO was the Affidavit of Carlos Martell, dated December 8, 2021 ("Martell Affidavit").

On December 6, 2021, the Court entered the requested TRO.

In response to the Martell Affidavit, Jeissy Briceno testified that she and her sister Jeimy Briceno are the sole owners of W.B. Defendants Wladimir and Betty Briceno do not own, operate or have any interest in W.B. Jeissy Aff., Par. 3. Jeissy denies that W.B. has or had a "company-wide policy and practice of wage theft" and denies that the Individual Defendants have "initiated a campaign of threatening, harassing, intimidating and retaliating against Plaintiffs." Id. at Par. 5-6. Jeissy denies that any of the Individual Defendants have ever threatened Martell or any of the

2

Plaintiffs with deportation. Martell is a legal resident of the U.S. as are rest of the Plaintiffs, upon information and belief. Id. at Par. 7.

Jeissy witnessed the events leading up to the altercation between Martell and her brother, Alex Briceno ("Alex"). Alex is not an owner, operator, employee, agent or representative of W.B. In fact, he has not been involved in any family business since May 2014.  Alex and Wladimir Briceno once owned a business called "W.B. & Son Construction Corp." This Company was dissolved by proclamation in June 2016. None of the plaintiffs were employed by W.B. & Son Construction Corp. in 2015 to 2016. Jeissy Aff., Par. 8-9.

On December 2, 2021, at approximately 8:00 p.m., Jeissy was at the "Turbo Laundry Limited" laundromat located at 6201 Northern Blvd # C, Woodside, NY 11377, with her boyfriend, Marcello Caceres ("Marcello"), doing laundry. Jeissy Aff., Par. 11. At one point, Marcello pointed out to her that a strange man was staring at her. She looked over and recognized Martell. She was surprised and concerned to see him because, to the best of her knowledge, he does not live in that neighborhood. Id. at Par. 12-13. She was further surprised and concerned because, despite there being more than enough available washing machines throughout the laundromat, Martell chose the machine immediately adjacent to hers. Id. at Par. 14.

Jeissy observed Martell shaking and acting strangely. She thought he might be on drugs. Martell has a history of drug use. In fact, his drug use and partying are the reason why W.B had to terminate his employment in January 2020. He has been seeking revenge against the Briceno family ever since then. Jeissy Aff., Par. 15.

Martell put his clothes in the washing machine and then left. Jeissy texted her brother Alex that Martell was staring at her and shaking and had placed his laundry in the machine next to hers. A few minutes later, she heard yelling from outside the laundromat. She ran up to the door to see

Martell and Alex yelling at each other. She did not see any fighting. Marcello ran outside and spoke to her brother. She later joined Marcello on the sidewalk in front of the laundromat. Jeissy Aff., Par. 16-17.

She heard Martell threatening her brother with this lawsuit, yelling, "don't worry, you got it, go ahead. Don't worry, watch and wait." She then saw Martell get into his car and drive away. Jeissy Aff., Par. 18. Jeissy and Marcello did not participate in the fight. They did not "violently attack" Martell as he falsely charges. Jeissy and Marcello were not arrested, charged, or cited with any improper conduct in connection with the incident. The police did not show up at the scene. Id. at Par. 19.

Jeissy denies that she or any of the Individual Defendants requested Alex to engage in an altercation with Martell and denies that Alex was acting as an "officer, agent, servant, employee, and [or] attorney" of myself or any of the Defendants. Jeissy Aff., Par. 20. This event was sparked by Martell's strange behavior in the laundromat and his approaching Jeissy for no reason. In addition, Martell has a long-standing vendetta against Alex over Sasha Pena, the mother of Martell's son, who also had a relationship with Alex. Id. at Par. 21.

## LEGAL STANDARD

To prevail on a motion for a preliminary injunction, the party seeking relief must demonstrate, by a preponderance of the competent evidence, the presence of "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *U.S. v. Siemens Corp.*, 621 F.2d 499, 505 (2nd Cir. 1980) (citing *Jackson Dairy Inc. v. H.P. Hood & Sons Inc.*, 596 F.2d 70, 72 (2nd Cir. 1979)); *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 149–150 (2nd Cir. 1999). A request for injunctive relief must be supported by reliable, competent evidence and not

4

upon conclusory statements, speculation, supposition, guesswork or hearsay. *Taylor v. Gilmartin*, 434 F. Supp. 909, 911 (W.D. Okla. 1977); *see also Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("[u]nsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction"); *Cherokee Pump & Equip. v. Aurora Pump,* 38 F.3d 246, 249 (5th Cir.1994) (movant must clearly carry the burden of persuasion on all factors).

<u>Irreparable Harm</u>

"Irreparable harm" is an injury that cannot be addressed by money damages. "If the injury complained of may be compensated by award of monetary damages, then an adequate remedy at law exists and no irreparable injury may be found as matter of law. *Gulf & Western Corp. v. Craftique Productions, Inc.*, 523 F.Supp. 603, 607 (S.D.N.Y. 1981). The moving party must make a clear showing of the threat of irreparable harm. *Nat'l Coal. for Pub. Ed. & Religious Liberty v. Califano*, 446 F. Supp. 193, 195 (S.D.N.Y. 1978). A movant's failure to show that irreparable injury could result or that money damages would be insufficient is grounds for denial of the motion for a preliminary injunction. *Thompson v. New York Cent. R. Co.*, 361 F.2d 137, 146 (2nd Cir. 1966). Mere speculation that there is a possibility that the party seeking the injunction may in some unproved way suffer loss or damage is not sufficient proof of a lack of any remedy at law. *Jack Kahn Music Co., Inc. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 763 (2nd Cir. 1979).

<u>Likelihood of Success</u>

A party seeking a preliminary injunction must show, by a preponderance of the credible, competent evidence, that there is a strong likelihood that it will succeed on its claims at trial. *Am. Metro. Enterprises of New York, Inc. v. Warner Bros. Recs.*, 389 F.2d 903 (2nd Cir. 1968). A mere possibility of success is not adequate. *See, e.g.*, *Wickes v. Belgian Am. Educ. Found., Inc.*, 266 F.

Supp. 38, 42 (S.D.N.Y. 1967). In the absence of compelling evidence, or if the parties are in serious dispute over conflicting issues of fact, the Court should not enter the injunction. *Eastin-Phelan Corp. v. Hal Roach Studios, Inc.*, 350 F.Supp. 1328 (S.D.N.Y. 1972); *General Elec. Co. v. American Wholesale Co.,* 235 F.2d 60 (7th Cir. 1956); *Apollo Technologies Corp. v. Centrosphere Indus. Corp.*, 805 F.Supp. 1157 (D.N.J. 1992).

<u>Serious Questions Test and Balancing of the Equities</u>

In the absence of a showing of a likelihood of success on the merits, the Court may consider whether the moving party has raised "serious questions" going to the merits and also has shown that the balance of hardships weighs decidedly in the movants' favor. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2nd Cir. 2010); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2nd Cir. 1979). The "serious questions" standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction. *F. & M. Schaefer Corp. v. C. Schmidt & Sons, Inc.*, 597 F.2d 814, 815-19 (2d Cir. 1979). The moving party must establish, by a preponderance of the competent, credible evidence, that "the balance of hardships tips decidedly" in its favor. *Jackson Dairy*, 596 F.2d at 72. The Court must decide, in its sound discretion, whether the entry of the injunction will harm the non-moving party more than it would help the moving party.

## **LEGAL ARGUMENT**

## **PLAINTIFFS DO NOT MEET THE REQUISITE ELEMENTS FOR AN INJUNCTION**

Plaintiffs have not put forward a shred of credible, competent evidence that the Individual Defendants orchestrated the December 2nd incident. The evidence shows that the December 2nd

incident resulted from Martell's unlikely appearance in a laundromat outside his neighborhood, where Jeissy happened to be doing laundry, during which encounter Martell stared at Jeissy, looked and acted like he was on drugs, and deliberately approached her for no reason. The evidence shows that Jeissy contacted her brother Alex because she was concerned, not to retaliate against Martell for bringing an FLSA lawsuit. Martell's allegation regarding the Individual Defendants making threats of deportation against the Plaintiffs is so vague, conclusory, and unsupported by any competent evidence that the Court should reject it out of hand. Martell does not specify which Individual Defendant made a threat, to whom and when such threat was made, the exact nature of the threat, or any other information. Further, the only plaintiff making such an allegation is Martell.

Plaintiffs have not met their burden of persuading the Court that a preliminary injunction is required in this case. The Plaintiffs have not suffered retaliation for their participation in this lawsuit and any future retaliation can be compensated by money damages; there is no irreparable harm. Second, Plaintiffs are unlikely to prevail on their unpled FLSA retaliation claim because there is no evidence showing that the December 2nd incident involved the Individual Defendants or was motivated by a desire to retaliate against the Plaintiffs for their participation in this lawsuit. Third, even if Plaintiffs have raised "serious questions" about their likelihood of success on their unpled FLSA claim, which they have not, the sought-for injunction will harm the Individual Defendants far more than it will assist the Plaintiffs.

### A. Plaintiffs Have Not Shown Irreparable Harm

A preliminary injunction cannot be granted where a party fails to demonstrate irreparable harm. "[A] party must show that irreparable harm is both 'certain and immediate' rather than speculative or theoretical to satisfy its burden to receive preliminary injunction relief." *NACCO*

7

*Materials Users, Inc. v. Toyota Materials Handling USA*, 246 F. App'x. 929, 943 (6th Cir. 2007). Plaintiffs do not meet the burden of showing that they are in imminent danger of any future harm.

Plaintiffs are not in imminent danger of retaliation by the Individual Defendants. One altercation between one plaintiff and a non-party is not sufficient to show that all plaintiffs are in danger of immediate harm. *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) ("complaints of past abuse [and] vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are ... insufficient and lack the specificity necessary to show an imminent threat of serious physical injury"); *Rodriguez v. Barrows*, 2018 WL 11205713 (S.D. Fla. 2018) (holding that "[i]t appears that the alleged assaults of which plaintiff complains occurred in the past. And plaintiff's vague, conclusory, and rambling allegations about general harassment and mistreatment by prison officials do not support a plausible inference that plaintiff is in imminent danger of any further assaults--or any other harm"); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (holding that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Plaintiff Martell's speculation that he may be subject to retaliation in the future by the Individual Defendants is baseless, as none of the Individual Defendants retaliated against him in the first place. Plaintiffs Fajardo, Gutierrez, Pereyra, Ramirez, Garrido, Hernandez, and Vargas have offered <u>no</u> evidence of retaliation whatsoever. Mere speculation of future harm is not sufficient to support a preliminary injunction.

Moreover, even if such retaliation were to occur in the future, which it will not, money damages would be available to compensate Martell or any Plaintiff so retaliated against. Plaintiffs

have not met their burden of showing that absent injunctive relief, they will suffer immediate and irreparable harm.

### B. *Plaintiffs Have Not Shown a Likelihood of Success*

In order for Plaintiffs to be granted a preliminary injunction, they must persuade the Court through clear and competent evidence that it is highly likely that they will succeed on their yet-unpled FLSA retaliation claim. They have failed to do this, and thus their application for a preliminary injunction must be denied.

Plaintiffs cannot prove all the elements of an FLSA retaliation claim. In order to prove a prima facie claim for retaliation, a party must show "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Lai v. Eastpoint Int'l*, 2000 WL 1234595 (S.D.N.Y. Aug. 31, 2000). Even conceding for purposes of this motion that participating in an FLSA lawsuit is protected activity, and leaving aside the issue of whether the alleged assault was an adverse employment action, Plaintiffs have not come forward with sufficient evidence of a causal connection between the alleged assault and the lawsuit such that the Court can find a high likelihood of success on this claim.

First, there is no dispute that the alleged assault was perpetrated by Alex Briceno and no one else. Jeissy Aff., Par. 19. Second, there is no dispute that Alex is not an owner, operator, employee, agent or representative of W.B. In fact, he has not been involved in any family business since May 2014. Id. at Par. 9. Third, there is no dispute that Alex was acting on his own and not at the request of any of the Individual Defendants. Id. at Par. 20. Jeissy's testimony establishes that the event was sparked by Martell's unexplained appearance in a laundromat outside his neighborhood, where Jeissy happened to be doing laundry, where he stared at her, looked and acted

as if he was on drugs, and approached her for no reason. Jeissy Aff., Par. 21. Jeissy texted Alex about Martell's strange behavior, mentioning nothing about the lawsuit. Id. at Par. 16. The incident also may have been sparked by Martell's long-standing vendetta against Alex over Sasha Pena, the mother of Martell's son, who also had a relationship with Alex. Id. at 21. Fourth, there is no dispute that Martell is the only plaintiff who has come forward with an allegation of retaliation. The other plaintiffs have remained silent.

The evidence presented by Plaintiffs is not sufficient for the Court to find that they have a high likelihood of succeeding on their as-yet-unpled FLSA retaliation claim. To the contrary, the undisputed facts demonstrate that there is a higher likelihood that this claim will be dismissed at the appropriate time.

### C. Plaintiffs Have Not Satisfied Their Burden of Persuasion on the Serious Questions Test and Balancing of the Equities

Plaintiffs argue that even if their burden of proving likelihood of success on the merits fail, they have established a "sufficiently serious question going to the merits to make them a fair ground for litigation." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2nd Cir. 1979). The "serious question" standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction. *F. & M. Schaefer Corp. v. C. Schmidt & Sons, Inc.*, 597 F.2d 814, 815–19 (2nd Cir. 1979). Plaintiffs have failed to raise a serious question as to their unpled FLSA retaliation claim, for the reasons stated above.

Further, the court should consider whether the proposed injunction would be more burdensome upon the moving or non-moving party. *Destiny USA Holdings, LLC v. Citigroup Global Markets Realty Corp.*, 69 A.D.3d.212, 223 (N.Y. Sup. Ct., 4th Dep't 2009); *Fisher v.*

*Deitsch*, 168 A.D.2d 599 (N.Y. Sup. Ct., 2d Dep't. 1990). On balancing, the Court must ask whether it "do more harm by enjoining the proposed transaction than by letting it proceed." *Iavarone v. Raymond Keyes Assocs., Inc.*, 733 F.Supp. 727, 732 (S.D.N.Y. 1990).

In the matter at bar, the imposition of a broad, unnecessary injunction would severely prejudice the Individual Defendants without protecting any rights of the Plaintiffs that they do not already have. First, the proposed injunction is extremely overbroad. It applies to all the Individual Defendants and all of the Plaintiffs. There is no evidence that any of the Individual Defendants participated in the alleged retaliation or that any of the Plaintiffs other than Martell suffered alleged retaliation. It is also overbroad because it would apply not only to the Individual Defendants but to their "employees, agents, representatives, attorneys, servants and all persons acting on their behalf." There is no evidence that this overbroad category of persons has retaliated against the Plaintiffs in any way. The proposed injunction is unnecessary because it enjoins contact with immigration authorities when there is no evidence that the Individual Defendants contacted and/or threatened to contact immigration authorities. The injunction is also unnecessary because Alex Briceno, the sole alleged retaliator, is already enjoined from harassing or contacting Martell.

On the other hand, the danger of the proposed injunction is grave. Given Plaintiffs' history of asserting allegations without proof, and their counsel's apparent eagerness to mix the threat of criminal charges with civil claims, the Individual Defendants are concerned that Plaintiffs would use this injunction as a sword instead of a shield. It would be quite easy for one of the Plaintiffs to make up allegations and then run to Court with an application for "either civil or criminal contempt, or both." There could be numerous such "injunction enforcement hearings" which would not only unnecessarily increase the cost of this litigation but put the Individual Defendants at risk for serious penalties.

11

Balanced with this, there is no benefit which the proposed injunction would bestow beyond what the Plaintiffs already enjoy. It is already illegal to threaten deportation proceedings in exchange for a benefit. It is already illegal to threaten, harass, or assault someone. It is already unlawful to retaliate against an employee for bringing an FLSA action. *See City of NY v. Mickalis Pawn Shop*, 645 F.3d 114 (2nd Cir. 2011) ("An injunction is overbroad when it seeks to restrain the defendants from engaging in illegal conduct that was not fairly the subject of litigation"). Alex Briceno, the sole alleged retaliator, is already restrained from contacting or harassing Martell. Plaintiffs would gain nothing from the injunction that they do not already have. A fair balancing of the equities should resolve in the Individual Defendants' favor.

## **PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT**

Defendants object to the filing of an amended complaint. Defendants understand that the standards for amendment are liberal; however, futile and costly claims are exceptions to this rule. Further, the claims involving Alex Briceno are factually distinct and improperly intermingled with Plaintiffs' FLSA and NYLL claims.

### *A. The Motion to Amend Must Be Denied because the Amendments will Substantially Prejudice Defendants Rights to a Speedy Resolution*

Under FRCP Rule 15(a), leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, the law is clear that a plaintiff's request for leave to amend its complaint should be denied where the proposed amendment would require the defendant to expend significant additional resources or significantly delay resolution of the dispute between the plaintiff and the defendant, leave to amend should be denied. *Champlain Enter., Inc. v. U.S.*, 945 F. Supp. 468, 476 (N.D.N.Y. 1996); *Ross v. Houston Indep. Sch. Dist.*, 699 F. 2d 218, 229 (5th Cir. 1983). The decision to deny a motion to amend rests within the sound discretion of the district

court. *See Stein v. Guardsmark, LLC*, No. 12-CIV-4739 (JPO), 2013 WL 3809463, at \*13-14 (S.D.N.Y. July 23, 2013) (denying motion to amend because of unfair prejudice and undue delay).

The Second Circuit has instructed district courts to ask whether the proposed amendments would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2nd Cir. 1993). Here, it would be a waste of the Court's time to litigate the harassment claim between Plaintiffs and a non-party, when the crux of the lawsuit is about FLSA and NYLL violations. Allowing Plaintiffs leave to amend their complaint will significantly delay the resolution of the dispute between the current plaintiffs and defendants and for that reason, it should be denied.

### B. The Motion to Amend Must Be Denied because the Requirements of Rule 20(a) are not Satisfied

Plaintiffs' request to amend the complaint to join the additional defendants should be denied for the simple reason that the joinder sought will not satisfy the requirements of Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a)(2) permits the joinder of multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or ***arising out of the same transaction, occurrence, or series of transactions and occurrences***; and
> (B) any question of law or fact common to all defendants will arise in the action.

*Id*. (emphasis added); *see also Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co*., 497 F.2d 1151, 1154 (2nd Cir. 1974) ("Rule 20(a) provides that '[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of

13

transactions or occurrences and if any question of law or fact common to all defendants will arise in the action"). Plaintiffs' motion is devoid of any evidence or non-conclusory allegations showing that Plaintiffs' claims arise out of the same transaction. To the contrary, Plaintiffs cannot show that the December 2nd incident arose from the same occurrence as the subject litigation, and would thus be proper to join the parties as each individual plaintiff has a cause of action against each defendant. Instead, one individual plaintiff, Plaintiff Martell, got into an argument with a non-party to the case, Alexander Briceno, without any of the other Plaintiffs present and without any evidence showing the slightest relationship between the FLSA claim and the fight that ensued. Since Plaintiffs fail to show that a single question of law or fact common to all defendants will arise in the present action and that the new allegations against Alexander Briceno arise from the same transaction or occurrence, joinder should be denied.

"The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F.Supp.2d 821, 826 (S.D.N.Y. 2008). Plaintiff's criminal charge against Alexander Briceno for harassment is completely separate from the FLSA claims against the current defendants. To allow the claims to be joined would be a waste of judicial resources and prejudice the already named Defendants. In the absence of a connection between Defendants' alleged misconduct, the mere allegation that one Plaintiff was injured by one non-party "is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 128 (S.D.N.Y. 2003) (concluding that allegations that two defendants that infringed plaintiff's patent in an identical way were insufficient to meet the "transaction or occurrence" standard because there was no cooperative or collusive relationship, connecting defendants' conduct).

Plaintiffs do not supply any support or reliance that they meet the test of Rule 20(a). Instead, Plaintiff's just allege that they should be granted leave to amend the complaint because they can prove retaliation claims and a claim for assault and battery against Alexander Briceno. Plaintiffs do not even attempt to show that these occurrences are related in any way. Absent any evidence, Plaintiffs do not meet their burden of showing that they need to join additional parties to this lawsuit. *Arroyo v. PHH Mortg. Corp.*, 2014 WL 2048384, at *3 (E.D.N.Y. May 19, 2014) ("Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a)").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' application for a preliminary injunction and to amend the complaint should be denied.

Dated: New York, New York
         December 14, 2021

                                        Respectfully Submitted,

                                        **KOUTSOUDAKIS & IAKOVOU
                                        LAW GROUP, PLLC**


                                         /s/ Steven Siegler
                                        _____
                                        By:    Steven Siegler, Esq.
                                               Andreas Koutsoudakis, Esq.
                                               *Attorneys for Defendants*
                                               90 Broad Street, 10thFloor
                                               New York, NY 10004
                                        (O):   (212) 386-7606
                                        (D):   (212) 710-2607
                                        (E):   andreas@kilegal.com
                                               steven@kilegal.com

15