UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Byron Geovanny Arevalo Fajardo, Carlos Martell,
Jose Gutierrez, Juan Pereyra, Iñigo Mendoza Ramirez
(a/k/a Eduardo Mendoza Ramirez), Miguel Garrido,
Reymundo Chavez Hernandez (a/k/a Ramon Chavez
Hernandez, Richard Xavier Hernandez, Sebastian
Alfredo Espinosa Vargas (/a/k/a Sebby Espinosa
Vargas), Jairo Rivas, Elias Ordones, and George Palta
*on behalf of themselves and others similarly situated
in the proposed FLSA Collective Action*,

                                                      Plaintiffs,

       -against-

WB Maintenance & Design Group Inc., W.B. & Son
Construction Corp., Wladimir Briceno, Betty Briceno,
Jeissy Briceno, Jeimy Briceno, and Alexander Briceno,

                                                      Defendants.
-----------------------------------------------------------------X

Case Number: 1:21-cv-5236

**ANSWER TO FIRST
AMENDED COMPLAINT**

      Defendant, Alexander Briceno, through his attorneys, WHITE, CIRRITO, NALLY & LYNCH, LLP, as and for his Answer to the First Amended Complaint of Plaintiffs, sets forth as follows:

      1.     Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 1, 9, 10, 11, 13, 14, 15, 17, 18, 19, 21, 22, 23, 25, 26, 27, 29, 30, 31, 33, 34, 35, 37, 38, 39, 41, 42, 43, 45, 46, 47, 49, 50, 51, 53, 54, 55, 60, 61, 62, 63, 87, 88, 89, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 109, 118, 125, 133, 141, 147, 156, 162, 172, 180, 193, 213, 214, 215, 216, 217, 218, 220, and 221.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations of the First Amended Complaint contained in Paragraphs numbered 2, 4, 8, 12, 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56, 57, 58, 59, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 90, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 124, 126, 127, 128, 129, 130, 131, 132, 134, 135, 136, 137, 138, 139, 140, 142, 143, 144, 145, 146, 148, 149, 150, 151, 152, 153, 154, 155, 157, 158, 159, 160, 161, 163, 164, 165, 166, 167, 168, 169, 170, 171, 173, 174, 175, 176, 177, 178, 179, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 194, 195, 196, 197, 198, 199, 212, and 219.

      3.     Defendant refers all questions of law to the Court at the trial of this Action and otherwise denies the allegations of the First Amended Complaint contained in Paragraphs numbered 3, 5, 6, 7, 222, 224, 227, 228, 229, and 230.

4. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, and 211, and further states that at no time alleged in the Complaint did any of the named individual Defendants worked or were employed by the answering Defendant nor any corporate entity owned, controlled or maintained by the herein Defendant.

5. Admits the allegations of the First Amended Complaint contained in Paragraphs numbered 223, 225 and 226.

## AS TO THE FIRST CLAIM

6. As to paragraph 231, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "230" as if it were more particularly set forth herein.

7. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 232, 233, and 234.

## AS TO THE SECOND CLAIM

8. As to paragraph 235, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "234" as if it were more particularly set forth herein.

9. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 236, 237, 238, 239 and 240.

## AS TO THE THIRD CLAIM

10. As to paragraph 241, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "240" as if it were more particularly set forth herein.

11. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 242, 243, and 244.

## AS TO THE FOURTH CLAIM

12. As to paragraph 245, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "244" as if it were more particularly set forth herein.

13. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 246, 247, 248, 249 and 250.

## AS TO THE FIFTH CLAIM

14. As to paragraph 251, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "250" as if it were more particularly set forth herein.

15. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 252, 253 and 254.

## AS TO THE SIXTH CLAIM

16. As to paragraph 255, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "254" as if it were more particularly set forth herein.

17. Defendant refers all questions of law to the Court at the trial of this Action and otherwise denies the allegations of the First Amended Complaint contained in Paragraphs numbered 256.

18. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 257 and 258.

## AS TO THE SEVENTH CLAIM

19. As to paragraph 259, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "258" as if it were more particularly set forth herein.

20. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 260 and 261.

## AS TO THE EIGHTH CLAIM

21. As to paragraph 262, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "261" as if it were more particularly set forth herein.

22. Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 263, 264 and 265.

## AS TO THE NINTH CLAIM

23. As to paragraph 266, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "265" as if it were more particularly set forth herein.

24.     Defendant refers all questions of law to the Court at the trial of this Action and otherwise denies the allegations of the First Amended Complaint contained in Paragraph numbered 267.

25.     Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 268, 269, 270, 271, 272, 273, 275, 276 and 277.

26.     Denies knowledge or information sufficient to form a belief as to the allegations of the First Amended Complaint contained in Paragraphs numbered 274.

## AS TO THE TENTH CLAIM

27.     As to paragraph 278, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "277" as if it were more particularly set forth herein.

28.     Defendant refers all questions of law to the Court at the trial of this Action and otherwise denies the allegations of the First Amended Complaint contained in Paragraph numbered 279.

29.     Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 280, 281, 282, 283, 284, 285, 286, 287, 288 and 289.

## AS TO THE ELEVENTH CLAIM

30.     As to paragraph 290, Defendant repeats, reiterates and realleges each and every answer to those allegations which were repeated and realleged in paragraphs of the First Amended Complaint numbered "1" through "289" as if it were more particularly set forth herein.

31.     Denies the allegations of the First Amended Complaint contained in Paragraphs numbered 291, 292, 293, 294 and 295.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendant asserts that the Plaintiffs are not entitled to any of the relief from the Defendant as sought in the Plaintiffs' Prayer of Relief, including subparagraphs (a) through (x).

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of production of proof that he would not otherwise have.  Defendant further asserts that, to the extent that the Plaintiffs' claims as alleged are vague or unclear so as to render it difficult or impossible to identify and assert every possible affirmative or other defense, the Defendant hereby expressly reserves his rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted, and therefore the First Amended Complaint must be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the First Amended Complaint which purport to arise under New York State Law.  Therefore, the state law claims must be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendant states, in the alternative, if necessary, that of he is found to have violated any law or regulation, that any such violation was not willful.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant acted in good faith to comply with FLSA and the NYLL, and with reasonable grounds to believe that its actions did not violate the statutes cited in the First Amended Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiffs for liquidated damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the First Amended Complaint, if any.  Therefore, the First Amended Complaint must be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint is presented in conclusory and vague terms, which prevents Defendant from anticipating all affirmative defenses and claims that may be applicable in this action.  Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendant reserves the right to assert additional defendants or claims that may become known during discovery.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by provisions of 29 U.S.C. Section 207, because the Defendant was not, at any relevant time, an enterprise engaged in commerce within the meaning of the law. Therefore, the First Amended Complaint must be dismissed.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, and/or unclean hands and, therefore, must be dismissed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of liquidated damages under both FLSA and NYLL with respect to the same violation. As such, Plaintiffs' allegations of entitlement to both in the First Amended Complaint are improper and must be dismissed.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous, in whole or in part, and the Defendant reserves the right to seek relief under Rule 11 of the Federal Rules of Civil Procedure, together with any other appropriate relief.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

That the Court should sever the Eleventh Claim for Assault and Battery in that said allegation is unrelated to the employee-employer relationship as alleged in the First Amended Complaint as to all of the Plaintiffs and Plaintiff Carlos Martell specifically, and that such pendant claims would tend to unduly prejudice the trier of fact.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Alexander Briceno was not the employer of any of the named Plaintiffs at any relevant time as alleged in the First Amended Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The claims against the Defendant should be dismissed because same are time-barred by the applicable statutes of limitations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Alexander Briceno did not own, control or manage any of the corporate entities alleged to have employed the Plaintiffs, at any time, as alleged in the First Amended Complaint.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The First Amended Complaint should be dismissed against the answering Defendant, Alexander Briceno, in that he is not subject to the standards set forth in the FLSA in that the answering Defendant never acted as an employer, officer nor agent of any employer with respect to the acts alleged by the Plaintiffs in the Plaintiffs' Ninth Claim.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The First Amended Complaint should be dismissed against the answering Defendant, Alexander Briceno, in that he is not subject to the standards set forth in the NYLL in that the answering Defendant never acted as an employer, officer nor agent of any employer with respect to the acts alleged by the Plaintiffs in the Plaintiffs' Tenth Claim.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant made any physical contact with Plaintiff, said contact was self-defense. Any physical contact Defendant made with Plaintiff did not exceed the nature of Plaintiff's attack. The Defendant did not force the necessity of the occasion. Defendant feared for his safety.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The answering Defendant, pursuant to Section 1412 of the CPLR, alleges upon information and belief, that if the Plaintiff sustained any injuries or damages at the time and place alleged in the Plaintiff's First Amended Complaint, such injuries and damages were the result of the culpable conduct of the Plaintiff because of the Plaintiff's negligence or assumption of risk. Should it be found; however, that the answering Defendant is liable to Plaintiff herein, any liability being specifically denied, the answering Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in Plaintiff's First Amended Complaint.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff assumed all risks and dangers of its culpable conduct and negligent behavior.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant was provoked by Plaintiff.  Defendant was provoked by others acting on behalf of the Plaintiff.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

The injuries alleged by the Plaintiff Carlos Martell were caused by pre-existing conditions over which the answering Defendant had no control.

**WHEREFORE**, the Defendant respectfully requests that judgment be entered by this Court dismissing each and every claim in the First Amended Complaint with prejudice and granting such further relief as may be just and proper.

Dated: March 4, 2022
Hempstead, New York

Respectfully submitted,

**WHITE, CIRRITO, NALLY & LYNCH, LLP**

By: *Michael L. Cirrito, Esq.*
MICHAEL L. CIRRITO, ESQ. (MLC9053)
Attorneys for Defendant
  ALEXANDER BRICENO
64 Hilton Avenue
Hempstead, New York 11550
(516) 292-1818
(516) 489-1940 (fax)
email: info@whiteandcirrito.com

TO:  via ECF:
LEVIN-EPSTEIN & ASSOCIATES, P.C.
Attorneys for Plaintiffs
60 East 42nd Street
Suite 4700
New York, New York 10165
(212) 792-0046

KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC
Attorneys for Defendants WB Maintenance & Design Group Inc.,
W.B. & Son Construction Corp., Wladimir Briceno, Betty Briceno,
Jeissy Briceno, and Jeimy Briceno
40 Wall Street, Ste 49th Floor
New York, New York 10005
(212) 404-8644